Filed 12/12/24  Cooke v. Tayac CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| PHILIP COOKE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ROBERT TAYAC et al.,<br><br>        Defendants and Respondents. | A170044<br><br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-21-594052) |

Robert Tayac and Eric Parton (collectively, respondents) moved in the trial court for sanctions against Andrew Peterson and his counsel, Martin Glickfeld, for failing to comply with discovery obligations.  Peterson is a co-defendant with Philip Cooke in an action filed in Contra Costa County that was ordered consolidated with the action underlying this appeal.  Respondents' motion was filed after the discovery cutoff date and the formal close of discovery.  The trial court granted respondents' motion for sanctions in part, awarding them $6,075 in fees relating to their motion to compel Peterson to produce his text messages with Parton, and later a declaration confirming he had produced all such text messages.

Glickfeld appeals from that order.  Relying on *Pelton-Shepherd Industries, Inc. v. Delta Packaging Products, Inc.* (2008) 165 Cal.App.4th 1568 (*Pelton-Shepherd*), he argues that reversal is required because respondents' motion was untimely and they prejudicially failed to request

1

leave to file the untimely motion consistent with Code of Civil Procedure sections 2024.020 and 2024.050.[1] Respondents counter that the trial court's "fact-specific analysis," and resulting order, were not an abuse of discretion.

We note at the outset that we could deem Glickfeld's claims of error forfeited given the paucity of citations to the record in his opening brief. The record in this appeal is relatively short given the narrow issue presented, but counsel always has an obligation to support every factual assertion with adequate citation. While we exercise our discretion under the circumstances to entertain Glickfeld's arguments based on the facts in the record, we caution him that his brief falls significantly below expected standards in this respect. At the same time, we observe that respondents' brief also fails to meet expected standards because it is conclusory. It does not meaningfully address Glickfeld's principal argument—that the sanctions motion was impermissibly heard beyond the statutory deadline—nor does it properly develop any legal or factual argument in support of the trial court's decision.

We conclude that the sanctions award should be reversed because respondents' motion was untimely and there is a reasonable probability that Glickfeld would have achieved a more favorable result had respondents filed a timely motion or complied with the procedure for hearing a discovery motion beyond the deadline.

## BACKGROUND

Cooke initiated this action by filing a complaint against respondents arising from a series of financial and real estate transactions that went awry. Tayac represented Parton in the Contra Costa County action; Cooke and Peterson were named as defendants there. In this action, the initial trial

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

date was set for September 25, 2023. In May 2023, the trial court granted Cooke's motion to transfer and consolidate the Contra Costa County case with this action, with the consolidation order entered on August 7, 2023.

On August 24, 2023, respondents filed a motion to compel production of various discovery documents following Peterson's August 14, 2023 deposition. Respondents simultaneously filed an ex parte motion to shorten time, apparently to ensure the motion to compel would be heard by the September 11, 2023 discovery hearing cutoff date.[2] On September 25, the trial court continued the trial to November 13, 2023. Over Cooke's opposition, and following hearing and negotiations between the parties, the trial court granted the motion to compel on September 26, 2023, and entered a stipulated order reflecting the parties' negotiated resolution of the dispute. It ordered Peterson to submit to a second two-hour deposition regarding his text messages with Parton and to provide a declaration confirming he had produced all relevant text messages between himself and Parton. Peterson had already submitted to the deposition on September 20, 2023, but did not provide the declaration as ordered.

On November 13, the trial court continued the trial to March 2024. Respondents objected to the trial court's suggestion to link the discovery dates to the new trial date, and the court ordered discovery closed. The next day, respondents filed a motion for sanctions, seeking $14,035.50 in fees associated with the sanctions motion and their earlier motion to compel. Peterson provided his declaration on November 30.

_____

[2] With the initial trial date set for September 25, 2023, any discovery motion had to be heard no later than September 10, 2023. (§ 2024.020, subd. (a).) September 10 was a Sunday, so the cutoff date for any discovery hearing rolled to the next court day, September 11, 2023. (§ 2016.060.)

3

The court granted respondents' motion for sanctions in part. At the conclusion of the hearing, the trial court stated that it was adopting its tentative ruling. In a short order entered after the hearing, the court cited good cause and granted relief "as to the original motion and as to [the motion for sanctions] to the extent it involved addressing [Peterson's] failure to comply with the Court's [September 26] order on the original motion." The court awarded $6,075 in sanctions to respondents, for 15 hours of attorney time.[3]

## DISCUSSION

### I. Legal Background and Standard of Review

Section 2024.020, subdivision (a) states that "any party shall be entitled as a matter of right to complete discovery proceedings on or before the 30th day, and to have motions concerning discovery heard on or before the 15th day, before the date initially set for the trial of the action." Subdivision (b) provides that, "[e]xcept as provided in Section 2024.050, a continuance or postponement of the trial date does not operate to reopen discovery proceedings."

Notwithstanding section 2024.020's requirements, section 2024.050, subdivision (a) permits, "[o]n motion of any party, the court [to] grant leave . . . to have a motion concerning discovery heard . . . closer to the initial trial date, or to reopen discovery after a new trial date has been set. This motion shall be accompanied by a meet and confer declaration under Section 2016.040." In considering a motion pursuant to subdivision (a), subdivision (b) of section 2024.050 requires the court to "take into

---

[3] The order states the amount awarded is for 14 hours of attorney time, but the court's calculations make clear that it intended to award sanctions based on 15 hours of attorney time.

consideration any matter relevant to the leave requested, including, but not limited to," certain enumerated factors. (§ 2024.050, subd. (b).)

We review the court's ruling imposing discovery sanctions for abuse of discretion. (*In re Marriage of Moore* (2024) 102 Cal.App.5th 1275, 1287.) We reverse such a ruling only if the trial court's imposition of sanctions was " ' " 'arbitrary, capricious, or whimsical.' " ' " (*Ibid.*) " 'Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion.' " (*Pelton-Shepherd, supra*, 165 Cal.App.4th at p. 1587.)

## II.    Timeliness

Glickfeld argues that, once respondents asked the court to close discovery and not to reset trial dates, they "could no longer make any discovery motion without complying with . . . section 2024.050." Under that provision, respondents had to seek leave of court to file the motion for sanctions, and to meet and confer and file a corresponding declaration pursuant to section 2016.040.[4]

Respondents do not argue that the motion for sanctions was timely under section 2024.020. Notwithstanding the statutory requirements, respondents urge us to review the trial court's "fact-specific analysis," citing *London v. Dri-Honing Corp.* (2004) 117 Cal.App.4th 999 (*London*). But

---

[4] Glickfeld's opening brief took it for granted that the sanctions motion was a "motion concerning discovery" within the meaning of section 2024.050, and respondents did not argue otherwise in their brief. When we raised the issue at oral argument, respondents emphasized that they did not concede that the motion satisfied the statutory definition, but both sides appeared to agree that the aim of the motion was in part to obtain production of Peterson's declaration, which was required by the stipulated order on the motion to compel. On this basis, and given the absence of briefing, we adopt the parties' implicit assumption that the sanctions motion qualified as a "motion concerning discovery."

*London* did not address the timeliness question at issue here. The cited portion of *London* merely stands for the proposition that a party may choose whether to include a motion for sanctions with a motion to compel discovery, and if the party chooses to file a separate sanctions motion, the court may then engage in a "fact-specific analysis" to evaluate whether the sanctions motion was filed within a reasonable time after the motion to compel. (*Id.* at pp. 1008–1009.) This case, unlike *London*, hinges on the discovery cutoff set forth in section 2024.020 and related requirements for hearing a late discovery motion. (See §§ 2016.040, 2024.050.) As to those issues, *Pelton-Shepherd* controls. Specifically, *Pelton-Shepherd* reinforced a plain-meaning reading of sections 2024.020 and 2024.050, concluding that the discovery motion cutoff established a hard deadline; that after the cutoff a motion for leave to file a late discovery motion was necessary; and—absent a motion for leave, equitable estoppel, or another exception—a trial court abuses its discretion in considering a late discovery motion. (*Pelton-Shepherd*, *supra*, 165 Cal.App.4th at pp. 1585–1588.)

Respondents write that "Appellant may have waived the issue to the extent Appellant failed to timely and specifically object to the Superior Court hearing and deciding this issue at the hearing of this matter." This ambiguous sentence stops well short of a claim that Glickfeld failed to do something at the hearing necessary to preserve the issue for appeal. We also note that Glickfeld's argument before the trial court began with this sentence: "Well, in my view, there is or should be no dispute that the motion before you is untimely."

Respondents do not offer any further argument countering Glickfeld's showing that the sanctions motion was untimely and that the trial court abused its discretion by not requiring respondents to use the statutory

6

procedure for entertaining a discovery motion past the deadline. The introductory paragraph in respondents' brief includes the following statements: "Matters not addressed in Respondent's Brief are not conceded. Rather, they are believed to be not relevant or not supported by the record." This blanket assertion is not sufficient to avoid forfeiture of any further possible arguments.

*Pelton-Shepherd* allowed for the possibility that the non-moving party may be equitably estopped from objecting to the court hearing a discovery motion past the deadline when it engaged in conduct that lulled the moving party into inaction. (*Pelton-Shepherd*, *supra*, 165 Cal.App.4th at pp. 1585–1586.) The trial court's order is silent about equitable estoppel, but in any event, Glickfeld's opening brief argued that there are no facts warranting application of the doctrine here, and respondents' brief offered no argument to the contrary. Accordingly, we find that the trial court abused its discretion by hearing the sanctions motion beyond the deadline without requiring respondents to satisfy the statutory requirements for a late motion.

## III.  Prejudice

Glickfeld also argues that the trial court's error was prejudicial. Respondents have not presented any argument regarding prejudice.

We conclude that a result more favorable to Glickfeld was reasonably probable had respondents either filed a timely motion for sanctions or followed the procedures required by section 2024.050. (*Pelton-Shepherd*, *supra*, 165 Cal.App.4th at p. 1589.) Had respondents filed their motion for sanctions by the discovery cutoff, they would have had to file it simultaneously with their August 24 motion to compel. It is likely that respondents would have found some efficiencies in filing a single, combined motion, reducing the amount of compensable attorney work time spent on the motion. If, instead, respondents had requested leave to reopen discovery in

7

conjunction with their November 14 motion for sanctions, the trial court would probably have viewed their request skeptically. The day before, respondents had objected to any extension of discovery deadlines. Had they sought leave to reopen discovery, they would also have been required to meet and confer with Glickfeld and Peterson beforehand. Glickfeld argues that his failure to produce the Peterson declaration was inadvertent and he would have produced it had respondents met and conferred with him prior to filing the motion for sanctions. At any meet and confer, Glickfeld and Peterson would undoubtedly have pointed out that respondents had just agreed to discovery closing and therefore may have forfeited their ability to seek sanctions. That would have placed Peterson and Glickfeld at an advantage in any negotiated resolution arising from the meet and confer.

At the very least, some of the factors enumerated in section 2024.050—in addition to the court's consideration of respondents' overnight change in position—would weigh against the reopening of discovery in these circumstances. (§ 2024.050, subds. (b)(2) ["The diligence or lack of diligence of the party seeking the discovery or the hearing of a discovery motion, and the reasons that the discovery was not completed or that the discovery motion was not heard earlier"], (b)(4) ["The length of time that has elapsed between any date previously set, and the date presently set, for the trial of the action"].) And although the trial court did not award the full amount of requested sanctions, it does not appear from the record that the reduction had anything to do with respondents' failure to comply with sections 2024.020 and 2024.050, and consequently that the reduced $6,075 award already accounted for respondents' faulty procedural approach.

## IV. Sanctions Award

Because the trial court erred in granting respondents' motion, we do not address the propriety of the sanctions amount.

8

## DISPOSITION

The order awarding sanctions is vacated.  Glickfeld is entitled to recover his costs on appeal.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.